# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLENN M. HEBERT | : | DOCKET NO. 09 CV1126 |
| VS. | : | JUDGE DOHERTY |
| LOUISIANA LICENSED PROFESSIONAL VOCATIONAL REHABILITATION COUNSELORS, ET AL. | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Pending before the undersigned is the plaintiff's Motion to Remand this suit to the 15th Judicial District Court. [rec. doc. 8; *see also* rec. doc. 14]. The defendants have filed opposition. [rec. docs. 13, 17 and 20]. A telephone hearing was held on August 6, 2009 and the motion was taken under advisement. For the following reasons, the Motion to Remand is **DENIED**.

## BACKGROUND

Plaintiff, Glenn N. Hebert ("Hebert"), filed this lawsuit in the 15th Judicial District Court asserting various claims (abuse of process and libel) under Louisiana state law against the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners ("the Board") and Sy Arceneaux ("Arceneaux"), seeking compensatory damages and a writ of mandamus, directing dismissal of an ethical complaint filed against him. [rec. doc. 1-2].

On June 17, 2009, Hebert filed a First Supplemental and Amending Petition. In his eleven paragraph First Supplemental and Amending Petition, Hebert alleges that the "actions complained of in the original petition, including the abuse of process on the part of the defendants was all done under the color of state law, 42 U.S.C. Section 1983." [rec. doc. 1-3, ¶ 2]. He further alleges that Arceneaux, who is clearly not an independent state actor, acted in concert with the Board, which is a state actor, "to suppress the constitutional rights guaranteed to Glenn Hebert . . . with the ostensible goal of suppressing Mr. Hebert's rights of freedom of speech" and the Board, likewise, acted in concert with Arceneaux "under color of statute, ordinance, regulation, custom and usage" to "accomplish the end of depriving Mr. Hebert of his rights to free speech." [*Id*. at ¶ 3 and ¶ 5].

Thus, Hebert asserts Arceneaux's efforts "in concert" with the Board "were done under the color of state law in that he was taking this action in concert with the state actor", the Board, and that the defendants pursued a "common goal", "designed specifically to deprive Mr. Hebert of his constitutional rights." [*Id*. at ¶ 4 and ¶ 6].

Hebert further alleges that the defendants, actions in concert were done in an effort to restrict Mr. Hebert's professional right and responsibility to communicate with his client, and therefore deprive him of his constitutional rights afforded under the First and Fourteenth Amendment of the United States Constitution. [*Id*. at ¶ 8].

Hebert therefore expressly seeks "damages under the provisions of Section 1983 including nominal damages, punitive damages and reasonable attorney's fees" and

2

requests that these "damages for this constitutional deprivation under the color of state law" be awarded "in addition to damages which have already been prayed for." [*Id*. at ¶ 9 and ¶ 10].

On July 8, 2009, Arceneaux and the Board removed this action pursuant to 28 U.S.C. § 1441 (b) as an action over which this court has original jurisdiction, alleging federal question jurisdiction under 28 U.S.C. § 1331. [rec. doc. 1].

In his Motion to Remand, Hebert admits that he has alleged a cause of action under Section 1983 for violations of the rights afforded him under the United States Constitution. [rec. doc. 8, ¶ 7 and ¶ 10]. He contends, however, that this action is nevertheless not removable because this court does not have exclusive jurisdiction over his claims, that he stipulated in his original petition that his damages did not exceed $50,000.00 and that "the jurisdiction of this court should [not] displace Mr. Hebert's chosen forum in state court."

In connection with the latter argument, Hebert asserts that "the mere mention of federal law and the seeking of federal relief is insufficient for divesting Mr. Hebert of his chosen forum in state court" and that his "passing reference" to the United States Constitution and Civil Rights Legislation (§ 1983) does not justify removal of this action. In support of this argument, Hebert cites a decision by Judge Parker of the Middle District, *Matthews v. Stewart*, 207 F.Supp.2d 496 (M.D. La. 2001).

## LAW AND ANALYSIS

Initially, the undersigned notes that it is well settled that in order to exercise federal subject matter jurisdiction over this case, this court does not need "exclusive jurisdiction" over Hebert's claims, original jurisdiction is all that is required, nor does the amount in controversy affect this court's federal question removal jurisdiction. Accordingly, these arguments will not be further addressed herein.

The removal statute provides in pertinent part:

(a) . . . [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . . .

28 U.S.C. § 1441(a) and (b).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of whether an action "arises under" the laws of the United States and accordingly is properly removed to federal court on the basis of federal question jurisdiction is made pursuant to the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).

Under that doctrine, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id. quoting*

4

*Caterpillar, Inc. v.. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In other words, jurisdiction exists only if the plaintiff's statement of his own cause of action demonstrates that claim is based on federal law. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

A plaintiff is deemed master of his case, and he may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Where a plaintiff has a choice between federal and state law claims, if the plaintiff properly pleads only a state law cause of action, there generally is no federal jurisdiction and the defendant's opportunity to remove the action is defeated. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.2002), *cert. denied, NPC Servs. v. MSOF Corp.*, 537 U.S. 1046, 123 S.Ct. 623, 154 L.Ed.2d 519 (2002); *Medina v. Ramsey Steel Co.,* 238 F.3d 674, 680 (5th Cir.2001); *see also Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) ("[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction."). However, if the plaintiff chooses not to proceed on the exclusive basis of state law, removal is not defeated and remand is not appropriate. *Medina,* 238 F.3d at 680.

5

To state a claim under § 1983, two elements must be shown: first, that the plaintiff was deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred by someone acting under the color of state law. *Landry v. A-Able Bonding, Inc.,* 75 F.3d 200, 203 (5th Cir. 1996) *citing Flagg Bros, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733 (1978); *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). Thus, § 1983 provides no remedy against purely private actions; however, a private party may be held liable under § 1983 if he or she is a "willful participant in joint activity with the State or its agents." *Cinel,* 15 F.3d at 1343 *citing Adickes* , 398 U.S. at 152, 90 S.Ct. at 1606, 26 L.Ed.2d 142; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

From the face of Hebert's First Supplemental and Amending Petition, it is clear that Hebert is not proceeding on the exclusive basis of state law. To the contrary, Hebert has expressly and unambiguously asserted a claim under 42 U.S.C. § 1983 for alleged deprivations of his First and Fourteenth Amendment rights, against a state actor, the Board, and a non-state actor, Arceneaux, against whom Hebert has made specific and express allegations in order to confer state actor status upon him. It is telling that nine of the eleven paragraphs of Hebert's First Supplemental and Amending Petition are entirely and exclusively devoted to properly pleading a § 1983 action against both the Board and Arceneaux, and that allegations of action by Arceneaux "in concert" with the Board in five of these paragraphs are necessary solely for the purpose of subjecting Arceneaux to liability under § 1983. Furthermore, Hebert has also expressly sought damages which are

6

only available in § 1983 actions, namely, punitive damages and attorney fees.[1]

Finally, in his Motion to Remand, Hebert candidly admits that he, in fact, has asserted a claim under § 1983. Although Hebert could have asserted his claims exclusively under state law, he chose not to do so. Instead he has chosen to assert claims for violation of his federal constitutional rights under 42 U.S.C. § 1983. As such, remand is not appropriate in this case.

Hebert, however, asserts that remand is proper in this case based on Judge Parker's decision in *Matthews v. Stewart*, 207 F.Supp.2d 496 (M.D. La. 2001). It is true that, as in *Matthews*, federal courts have held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction. *See Henderson v. Jordan,* 2009 WL 2168692, *2 (E.D. Mo. 2009) *citing Matthews,* 207 F.Supp.2d at 499 (collecting cases). However, that is not the case herein.

Unlike the plaintiff in *Matthews*, the allegations in Hebert's First Supplemental and Amending Petition are not vague or ambiguous, and he does not make a mere passing reference to federal law. In this case, Hebert has affirmatively, unambiguously and expressly chosen to pursue a claim under federal law, and has affirmatively, expressly and unambiguously chosen to seek damages which are only available to him under federal law. He has alleged, in explicit terms, deprivations of his rights secured under the First and Fourteenth Amendments to the Constitution and has, in great detail, alleged joint

---

[1] In *Medina*, the Fifth Circuit found that "the district court did not err by denying Medina's motion to remand to state court because his cause of action included a claim for damages available only under federal law." *Medina,* 238 F.3d at 686.

activity between the Board, a state actor, and Arceneaux, a private actor, to transform Arceneaux's private actions into actions taken under the color of law to impute § 1983 liability to him.

In short, this is not a case like *Matthews,* where the plaintiff denies the existence of a federal cause of action, and the defendants are attempting to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law. To the contrary, it is the plaintiff himself who has chosen to vindicate his rights under federal law, and, by availing himself of a federal cause of action under § 1983, he thereby subjects himself to this court's jurisdiction.

Based on the foregoing, the Motion to Remand is **DENIED.**

Signed this 11th day of October, 2009, at Lafayette, Louisiana.

<br>

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE