**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GLENN M. HEBERT** | **\*CIVIL NO. 09-1126** |
| **VERSUS** | **\*JUDGE DOHERTY** |
| **LOUISIANA LICENSED PROFESSIONAL VOCATIONAL REHABILITATION COUNSELORS,  ET AL.** | **\*MAGISTRATE JUDGE HILL** |

<u>**REPORT AND RECOMMENDATION**</u>

Judge Doherty has referred the Motion to Dismiss [rec. doc. 6] filed by the Louisiana

Licensed Professional Vocational Rehabilitation Counselors Board of Examiners ("the Board")

to the undersigned for Report and Recommendation. [*See* rec. doc. 15].  Plaintiff, Glenn M.

Hebert has filed Opposition to which the Board has filed a Reply. [rec. docs. 25 and 26].

For the following reasons, it is recommended that the Board's Motions to Dismiss [rec.

doc. 6] be **GRANTED IN PART AND DENIED IN PART**, and accordingly, that all of

plaintiff's federal and state law claims for relief asserted against the Board, excepting only his

state law claim for abuse of process, be **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Defendant Sy Arceneaux ("Arceneaux") was assigned to provide vocational

rehabilitation services to injured worker, Julius Jeansonne ("Jeansonne"), by his employer

and/or worker's compensation insurer. [rec. doc. 1-1, ¶ 3].  Jeansonne's attorney retained

Hebert to review the vocational work performed by Arceneaux and to provide an opinion as to

the vocational rehabilitation prospects of Jeansonne. [*Id*. at ¶ 4].  In his opinion, Hebert stated

that Arceneaux was not acting in Jeansonne's best interests, but rather was acting in the best interests of Jeansonne's employer. [*Id*. at ¶ 5].

As a result, Arceneaux filed an ethical complaint against Hebert with the Board, citing Canon 4A.6, which prohibits licensed rehabilitation counselors from discussing the competency of other counselors with their clients "in a disparaging way".  [*Id*. at ¶ 6].  Hebert defended the allegations arguing that his conduct was authorized by the Louisiana Third Circuit Court of Appeals' decision in *Maxie v. Brown Industries*, 657 S0.2d 443 (La. App. 3rd Cir. 1995) which allegedly sets forth the obligation of a vocational rehabilitation counselor to the injured worker. [*Id*. at ¶ 10].

Following a hearing before the Ethics Committee, Hebert was found to have violated the cited Canon, Canon 4A.6, and was accordingly issued a reprimand and was required to complete an ethics course.  That decision was affirmed on appeal by the Board via decision dated March 7, 2006. [*Id*. at ¶ 7-9].

On September 1, 2006, Hebert filed this lawsuit in the 15th Judicial District Court asserting damage claims for abuse of process and defamation (libel) under Louisiana state law against the Board and Arceneaux, alleging collusive and conspiratorial conduct between these defendants.  He additionally sought a writ of mandamus, directing dismissal of the ethical complaint filed against him as "unfounded and in derogation of Louisiana law" and as "invalid and illegal." [*Id*. at ¶ 20 and prayer for relief].

**2**

Arceneaux responded by filing a Motion to Strike. The Board filed various exceptions under Louisiana state law. The trial court granted Arceneaux's Motion and dismissed him from the lawsuit. Hebert appealed. Recognizing that venue against the Board was only proper if Arceneaux remained as a defendant, the parties entered a consent judgment granting the exception of venue and, accordingly, dismissing plaintiff's claims against the Board without prejudice.

On January 23, 2008, the Louisiana Third Circuit Court of Appeal reversed the trial court's ruling dismissing Arceneaux, finding that the crux of Hebert's complaint was that Arceneaux and the Board had acted in concert to suppress his right to voice his opinion and that a Motion to Strike under article 971 was not intended to bar persons from seeking vindication of their First Amendment rights. However, the court additionally noted that, as then presently drafted, Hebert's petition did not state the nature of his claims with sufficient particularity. Accordingly, the case was remanded to allow Hebert to amend his pleadings to set forth facts demonstrating a constitutional deprivation.

The court additionally suggested that Canon 4A.6 was unconstitutional as it was aimed at content-based speech, for which there was no compelling state interest which could not be achieved by less onerous means. The court additionally reversed the consent judgment which had granted the Board's exception of venue, concluding that venue would be proper as to the Board because Arceneaux was no longer dismissed from the lawsuit. *Hebert v. Louisiana Licences Professional Vocational Rehabilitation Counselors,* 974 So.2d 824 No. 07-610 (La. App. 3rd Cir. 1/23/2008).

3

The Louisiana Supreme Court granted writs and vacated the Third Circuit's decision finding that the appellate court's discussion of the constitutionality of Canon 4A.6 was not appropriate because the issue had not been raised by the parties.  The case was therefore remanded to the Third Circuit to address the applicability of article 971 on the plaintiff's petition as drafted.  *Hebert v. Louisiana Licences Professional Vocational Rehabilitation Counselors,* 981 So.2d 21, No. 2008-C-412  (La. 5/9/2008), *rehearing denied*, 983 So.2d 1262 (La. 6/20/2008).

On remand, the Third Circuit found that Arceneaux's Motion to Strike was proper as to Hebert's defamation claim and, accordingly, dismissed that claim.  However, because the court found that "the ulterior motive" in this case was to prevent Hebert "from commenting on the substandard work of other rehabilitation counselors and from exposing such practices in open court or when called to render his expert opinion", the court found that Hebert had stated a claim for abuse of process and that such claims were not within the ambit of an article 971 Motion to Strike.

Accordingly, the lower court's ruling was reversed with respect to that claim and the case was remanded.  Because the court noted that the Supreme Court's decision was silent as to the Board's consent judgment, the Third Circuit again reversed it. *Hebert v. Louisiana Licences Professional Vocational Rehabilitation Counselors,* 4 So.3d 1002, 1005, 1010-1011, No. 07-610 (La. App. 3rd Cir. 3/4/2009), *writ denied*, 9 So.3d 144, Nos. 09-750 and 09-753 (La. 5/22/2009).

**4**

On June 17, 2009, Hebert filed a First Supplemental and Amending Petition as suggested by the Louisiana Third Circuit in its original January 23, 2008 decision.  In paragraph eleven of the First Supplemental and Amending Petition, Hebert asserts claims under 42 U.S.C. § 1983 against Arceneaux and the Board for violations of his First and Fourteenth Amendment rights.  In so doing, he alleges that his "causes of action which are made in the original petition are more fully elaborated on herein." [rec. doc. 1-2, ¶ 1].

More specifically, Hebert alleged that the "actions complained of in the original petition, including the abuse of process on the part of the defendants was all done under the color of state law, 42 U.S.C. Section 1983." [*Id*. at ¶ 2].  He further alleged that Arceneaux, who is clearly not an independent state actor, acted in concert with the Board, which is a state actor, "to suppress the constitutional rights guaranteed to Glenn Hebert . . . with the ostensible goal of suppressing Mr. Hebert's rights of freedom of speech" and the Board, likewise, acted in concert with Arceneaux "under color of statute, ordinance, regulation, custom and usage" to "accomplish the end of depriving Mr. Hebert of his rights to free speech."   [*Id*. at ¶ 3 and ¶ 5]. Thus, Hebert asserts Arceneaux's efforts "in concert" with the Board "were done under the color of state law in that he was taking this action in concert with the state actor" the Board, and that the defendants pursued a "common goal", "designed specifically to deprive Mr. Hebert of his constitutional rights." [*Id*. at ¶ 4 and ¶ 6].

Hebert further alleges that the defendants' actions in concert were done in an effort to restrict Mr. Hebert's professional right and responsibility to communicate with his client, and

therefore deprive him of his constitutional rights afforded under the First and Fourteenth Amendment of the United States Constitution.  [*Id*. at ¶ 8].

Hebert expressly prayed for "damages under the provisions of Section 1983 including nominal damages, punitive damages and reasonable attorney's fees" and requested that these "damages for this constitutional deprivation under the color of state law" be awarded "in addition to damages which have already been prayed for."  [*Id*. at ¶ 9 and ¶ 10].  He further prayed for "all general and equitable relief." [*Id*. at prayer].

On July 8, 2009, Arceneaux and the Board removed this action pursuant to 28 U.S.C. § 1441(b) as an action over which this court has original jurisdiction, alleging federal question jurisdiction under 28 U.S.C. § 1331. [rec. doc. 1].  Hebert's Motion to Remand has been denied because Hebert expressly and unambiguously asserted claims under 42 U.S.C. § 1983 and, thus, by availing himself of a federal cause of action under § 1983, he thereby subjected himself to this court's jurisdiction.  [rec. doc. 23].   Accordingly, the instant Motion is now ripe for determination.

In the instant Motion, the Board has re-asserted the exceptions it previously filed while this action was pending in state court, namely that this action was improperly filed in a state court of improper venue, that Hebert failed to properly exhaust administrative remedies by timely filing his state court action and therefore his claims are *res judicata,* and that Hebert has failed to state a cause of action for libel, failed to state a cause of action because the Board is entitled to discretionary act immunity under state law, failed to state a cause of action for

**6**

mandamus relief because the Board's action was not mandatory but was, rather, discretionary, and failed to state a cause of action for damages under § 1983 because under *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) the Board is not considered a "person" liable under the statute.

## LAW AND ANALYSIS

**Venue**

Federal Rule of Civil Procedure 12(b)(3) authorizes the filing of a Motion to Dismiss for improper venue. On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint, and resolve all factual conflicts in favor of the plaintiff. *Ginter v. Belcher,* 536 F.3d 439, 448 (5th Cir. 2008 (Dennis, J. dissenting) *citing Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 Fed.Appx. 612, 615 (5th Cir.2007) (unpublished) and *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir.2004); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1352 (3d ed.2004). Moreover, under Rule 12(b)(3), the court is permitted to consider facts beyond those facts alleged in the complaint. *Id. citing Murphy*, 362 F.3d at 1138; 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1352 (3d ed.2004).

Hebert asserts that this argument has been mooted by the filing of his Supplemental and Amending Petition setting forth federal § 1983 actions, and waived by the defendant's removal of this action to this court. The Board responds that its venue objection was re-asserted to preserve the objection in the event that this action was remanded to state court.

Given that Hebert has now amended his petition to allege federal causes of action under § 1983, it is clear that this court is a court of proper venue. The relevant venue provision is found in 28 U.S.C. § 1391(b) which provides, in pertinent part,

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Application of the foregoing venue provision leads this court to conclude that venue is proper in the Western District of Louisiana where defendant Arceneaux resides.[1]

Moreover, as noted by the Louisiana Third Circuit Court of Appeal, in reinstating its reversal of the consent judgement in favor of the Board, because dismissal of Arceneaux under Louisiana Code of Civil Procedure article 971 was improper, venue in the Fifteenth Judicial District Court for Lafayette Parish was proper as to the Board. *Hebert v. Louisiana Licences Professional Vocational Rehabilitation Counselors,* 4 So.3d 1002, 1005, No. 07-610 (La. App. 3rd Cir. 3/4/2009).

Accordingly, the Motion, insofar as it seeks dismissal on grounds of improper venue, should be denied.

---

[1]See service instructions, rec. doc. 1-1.

**Rule 12(b)(6) Motion to Dismiss Standard**

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); F.R.C.P. 12(b)(6). Moreover, it is proper to consider  documents that a defendant attaches to a motion to dismiss, if such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim, as they form part of the pleadings.  *Id.* at 498-499. Finally, in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.  *Cinel v. Connick*, 15 F.3d 1338, 1343 fn.6 (5th Cir. 1994).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

However, this principle is subject to some limitations.  First, conclusory allegations and unwarranted deductions of fact are not accepted as true.  *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982) *citing Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins*, 224 F.3d at 498. Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) *quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. The plaintiff's obligation is "to provide the 'grounds' of his 'entitlement to relief' [and] requires more than mere labels and conclusions." *Id*. at 1964-1965 *citing Papasan*, 478 U.S. at 286. The allegations must be sufficient "to raise a right to relief above the speculative level"; "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 1965 *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004). If a plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 1974.

**Failure to Exhaust/Finality of the Board's Decision**

The Board's Motion is unclear as to whether it seeks dismissal for failure to exhaust, or as a result of the finality of the Board's decision, on the state law claims asserted in plaintiff's original Petition, or on plaintiff's § 1983 claims asserted in plaintiff's First Supplemental and Amending Petition. However, because of the Reply filed by the Board, it appears to the undersigned that the Motion is directed to those state law claims asserted by Hebert in his original Petition only.[2]

---

[2]Indeed, any other construction would be without merit. No exhaustion requirement exists under § 1983, except in the context of prison litigation. *McNeese v. Board of Education*, 373 U.S. 668, 670-672, 83 S,Ct. 1433 (1963); *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557 (1982).

In response, Hebert asserts that exhaustion is relevant only in the event that a party is appealing an administrative decision of the Board.  However, he asserts that his action is not an appeal, but rather an action seeking mandamus relief and damages for constitutional and state law torts committed by the defendants under the guise of an administrative act.

With respect to Hebert's claim for the issuance of a writ of mandamus, the undersigned finds that plaintiff's characterization of the nature of his claim is not supported by the allegations contained in his original Petition.  To the contrary, plaintiff expressly seeks "a writ of mandamus directing the [Board] to dismiss the ethical complaint" and "to dismiss . . . its reprimand of [Hebert]."

The Board's final decision was issued on March 7, 2006.  Under Louisiana law, Hebert had thirty days from the mailing date of the final decision to seek review of the decision in the Louisiana district court.  La.R.S. 49:964(B).  Hebert's original Petition seeking mandamus relief was not filed until September 1, 2006, well after the thirty day delay period expired.  Upon lapse of this thirty day period, the Board's decision became final and is not subject to dismissal, reversal or modification by further court order.  Therefore, the Motion to Dismiss should be granted with respect to Hebert's state law claim for mandamus relief, which is really nothing more than an attempt by Hebert to avoid the finality of the Board's decision after the passage of the thirty day delay period.

With respect to plaintiff's defamation claim, Hebert alleges in his original petition that the Board's "libelist" [sic] conduct consists of the Board having promulgated its decision reprimanding Hebert for violating its ethical canon. [rec. doc. 1-2, ¶ 18].  Under Louisiana law,

11

to succeed on a defamation claim, Hebert must prove: (1) defamatory words, (2) unprivileged publication; (3) falsity; (4) malice (actual or implied); and (5) injury. *Hebert*, 4 So.3d at 1008. If one element of the defamation claim is lacking, the claim fails. *Id*.

The Board argues that because its decision is now final, the truth of its findings is unassailable, and that, therefore, Hebert cannot state a claim for defamation. The undersigned agrees. The Board's finding that Hebert violated Cannon 4A.6 is, at this point, a final factual determination, and therefore, for purposes of this action, true. Accordingly, Hebert cannot state a legally cognizable claim for defamation because he cannot demonstrate the falsity of the alleged defamatory words. The same is true as to Hebert's allegations that the Board engaged in a conspiracy with Arceneaux to defame him. For these reasons, the Board's Motion to Dismiss Hebert's defamation claim should be granted.

On the other hand, the court cannot find that the finality of the Board's decision has any effect on Hebert's abuse of rights claim. The essential elements of a cause of action for abuse of process are (1) the existence of an ulterior purpose and (2) a wilful act in the use of the process not in the regular prosecution of the proceeding. *Hebert*, So.3d at 1009 *citing Vasseur v. Eunice Superette, Inc.*, 386 So.2d 692 (La. App. 3 Cir.), *writ denied*, 393 So.2d 747 (La.1980). At issue in an abuse of process action, "is the intent to use a legal process for an improper reason, not the statements made . . . but the fact that a proceeding was maliciously and/or illegally pursued." *Id. citing Goldstein v. Serio*, 496 So.2d 412, 415 (La. App. 4 Cir.1986). It is the "hidden" or ulterior motive that drives this claim and the improper end its seeks to achieve. *Id*.

12

The Third Circuit correctly noted in its decision that Hebert's abuse of rights claim does not rest on the institution of the disciplinary action, the Board's authority or the constitutionality of the subject disciplinary rule.  Rather, his claim rests on the Board's alleged ulterior motive underlying the disciplinary proceeding to prevent him from commenting on the substandard work of other rehabilitative counselors and from exposing such practices in open court or when called to render his expert opinion.  *Id*. at 1010-1011.  As such, the result of the disciplinary proceeding is not relevant to his claim.  For this reason, plaintiff's abuse of rights claim should not be dismissed.

**Discretionary Act Immunity**

The Board additionally asserts that Discretionary Act Immunity, set forth in La.R.S. 9:2798.1, precludes plaintiff's abuse of rights claim.[3]  Section 2798.1 exempts public entities from liability for their employees' discretionary or policy-making acts based on social, economic, or political concerns.  *Hardy v. Bowie*, 744 So.2d 606, 613 (La. 1999); *Fowler v. Roberts*, 556 So.2d 1 (La.1989) (on rehearing).  "[T]he exception insulates the government from liability only if the challenged action involves the *permissible* exercise of a policy judgment." *Hardy*, 744 So.2d at 613 *citing Fowler*, 556 So.2d at 15 (emphasis added).  The

---

[3]Section 2798.1 provides in pertinent part as follows:
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
    (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
    (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

13

statute also contains an exception, creating liability for public entities for acts "which are not reasonably related to the *legitimate* governmental objective for which the policymaking or discretionary power exists" and for "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant conduct." La.R.S. 9:2798(C) (emphasis added).

Initially, the court notes that the crux of plaintiff's abuse of rights claim is that the Board exceeded the reasonable regulatory authority granted to it to protect the public health safety and welfare, by applying Canon 4A.6 in an unconstitutional manner to suppress his allegations of inappropriate vocational rehabilitation services rendered by Arceneaux. [*See* rec. doc. 1-2, ¶ 7 ("The actions of the [Board] exceeded all reasonable regulatory authority which may have been granted to the Board for the protection of public health, safety and welfare.  La.R.S. 37:3442, *et seq*."); La.R.S. 37:3442[4] and 3445(D)[5]]

Thus, on the allegations before this court, it does not appear that the Board's actions constituted a "*permissible* exercise of a policy judgment" that is "reasonably related to the *legitimate* governmental objective" as required for application of discretionary act immunity. *Hardy*, 744 So.2d at 613 *citing Fowler*, 556 So.2d at 1, *supra*. (emphasis added); La.R.S.

---

[4]La.R.S. 37:3442 set forth the purposes and policy behind legislation regulating vocational rehabilitation counselors as follows:

It is declared to be the policy of this state that activities of those persons who render service to the public in the rehabilitation counseling area and use the title "licensed professional vocational rehabilitation counselor" should be regulated for the protection of public health, safety, and welfare. Therefore, it is the purpose of this Chapter to provide for the regulation of the practice of rehabilitation counseling in the state and to provide for the regulation of the use of the title "licensed professional rehabilitation counselor".

[5]La.R.S. 37:3445(D) provides that "[t]he board shall adopt such rules, regulations, and examination procedures as it may deem necessary to effect the provisions in this Chapter. The board shall adopt the Code of Ethics of the National Association for Rehabilitation Professionals in the Private Sector, including any revisions or additions deemed appropriate or necessary by the board."

9:2798(C)(1) (emphasis added). Indeed, as noted by the Third Circuit in its original decision in this case, under Louisiana law, "[a]n agency is not free to pursue any and all ends, but can assert authority only over those ends which are connected with the task delegated by the legislative body." *Hebert* 974 So.2d at 830 *citing State v. Alfonso*, 753 So.2d 156, 162 (La. 1999). Thus, "'even when the Legislature has properly delegated to an agency certain administrative or ministerial authority, the regulations promulgated by the agency may not exceed the authorization delegated by the Legislature' or violate constitutional provisions.*" Id.*

In its original Motion, the Board contended that its actions were both discretionary and policy-based and that the original Petition contained "no allegation that the Board engaged in 'criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant misconduct.'" However, as noted by Hebert in his Opposition, in his Supplemental and Amending Petition, he makes these allegations. In the first paragraph of his Supplemental and Amending Petition, Hebert alleges that he is more fully elaborating on the causes of action made in his original Petition. [rec. doc. 1-2, ¶ 1]. He further alleges in paragraph 2, "that the actions complained of in the original petition *including the abuse of process* on the part of the defendants was done under the color of law", and in paragraph 3, further expounds on the factual basis for his claims, alleging that the Board's actions in concert with Arceneaux were taken "in an intentional fashion, a malicious fashion, and with the ostensible goal of suppressing Mr. Hebert's rights of freedom of speech." [*Id*. at ¶ 2 and 3 (emphasis added)]. Thus, Hebert has alleged that the Board's conduct is within the exception provided under La.R.S. 9:2798.1(C)(2).

**15**

Under the Federal Rules of Civil Procedure, plaintiff's allegations are sufficient. Rule 8(a) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Rule 8(a) requires that a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.  *General Star Indemnity, Co. v. Vesta Fire Ins., Corp.*, 173 F.3d 946, 950. (5th Cir.1999).   Moreover, under Rule 9(b)  "malice, intent, knowledge and other conditions of a person's mind may be alleged generally."  Furthermore, the Third Circuit has previously found in this case that plaintiff's original Petition states a claim for abuse of process with respect to Arceneaux, and it is clear to the undersigned that these same allegations state a cause of action against the Board as well.

Considering the allegations in plaintiff's original and Supplemental and Amending Petition under the Federal Rules of Civil Procedure, and in the context of this Motion to Dismiss, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff, plaintiff has stated a cause of action for abuse of rights which is not precluded by discretionary act immunity because plaintiff has sufficiently alleged facts which render the immunity inapplicable.  That is not to say that plaintiff will ultimately prevail. Rather, on the basis of the allegations before this court, plaintiff's abuse of rights claim is sufficiently pled so as to avoid dismissal at this stage.

**Federal Action against the State Board**

Section 1983 provides a private right of action for damages to individuals who are

deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any "person" acting under the color of state law. *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) *citing* 42 U.S.C. § 1983. Thus, the defendant must be a "person" as contemplated under the statute.

In this case, Hebert's § 1983 claim seeks monetary damages only.[6] The Supreme Court has held that states, state agencies and state officials acting in their official capacity are not subject to suit for money damages under § 1983 because states are not "persons" under the statute; however, state officials acting in their official capacities are considered "persons" under § 1983 when sued for injunctive relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Stotter*, 508 F.3d at 821 *citing Will*, 491 U.S. at 71 and fn. 10, and *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 617, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).

The Board is a Louisiana State Board established pursuant to La. R.S. 37:3444 for the purpose of licensing and regulating professional vocational rehabilitation counselors (La. R.S. 37:3442 and 3445). Accordingly, plaintiff has no § 1983 action for monetary damages against the Board as the Board is not a "person" under the statute. Hence, plaintiff has failed to state a

---

[6]In his Supplemental and Amending Petition plaintiff also requests at the end of his prayer, "all general and equitable relief, etc.", a prayer which is commonly included by plaintiffs in their prayer for relief. The undersigned does not interpret this request as seeking injunctive relief with respect to his federal § 1983 claim, given that in the body of his Supplemental and Amending Petition and prayer for relief, plaintiff has repeatedly limited his request for relief to damages. *See* rec. doc. 1-2, ¶ 9 ("Therefore, Mr. Hebert is entitled to reasonable damages under the provisions of Section 1983 including nominal damages, actual damages, punitive damages, and reasonable attorney's fees"), ¶ 10 ("Mr. Hebert's damages for this constitutional deprivation under the color of state law are in addition to damages which have already been prayed for."), prayer for relief ("Hebert prays that . . . there be a judgment in favor of plaintiff and against defendants awarding him the damages sought in the original petition, together with damages enumerated herein including nominal damages, actual damages, punitive damages, attorney's fees, and costs.").

claim upon which relief may be granted and Hebert's § 1983 claim against the Board should be dismissed on this basis.

### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Board's Motions to Dismiss [rec. doc. 6] be **GRANTED IN PART AND DENIED IN PART** and accordingly, that all of plaintiff's federal and state law claims for relief asserted against the Board, excepting only his state law claim for abuse of process, be **DISMISSED WITH PREJUDICE**.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by F.R.C.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed February 25, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

18