U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 30 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GLENN M. HEBERT | CIVIL ACTION NO. 09-1126 |
| VERSUS | JUDGE DOHERTY |
| LOUISIANA LICENSED PROFESSIONAL VOCATIONAL REHABILITATION COUNSELORS, ET AL | MAGISTRATE JUDGE HILL |

### RULING ON OBJECTIONS

Currently pending before the Court is plaintiff's objection [Doc. 28] to the Report and Recommendation ("R&R") [Doc. 27] issued by the Magistrate Judge, which recommends the Motion to Dismiss [Doc. 6], filed by the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners ("the Board"), be granted in part and denied in part. Specifically, the Magistrate Judge recommends "that all of plaintiff's federal and state law claims for relief asserted against the Board, excepting only his state law claim for abuse of process, be **DISMISSED WITH PREJUDICE.**" [Doc. 27, p.18]

First, the Court notes the objection is silent as to which portion of the R&R plaintiff finds objectionable. Presumably, plaintiff does not object to the recommendation that he be allowed to maintain his state law claim for abuse of process; however, no specificity as to the objection is provided. [Doc. 28, pp. 1-2] The first eight paragraphs of plaintiff's objection outline the procedural history of this matter. The final three paragraphs state as follows:

8.

After consideration by the Magistrate Judge, a Report and Recommendation was made on February 25, 2010. Therein, the majority of the objections and

exceptions were denied by the Court. However, the Court granted the objection as to Hebert's ability to maintain a cause of action under Section 1983 indicating that the defendant Louisiana Licensed Professional Vocational Rehabilitation Counselors did not meet the "person" status under the Federal Act. Accordingly, the plaintiff was able to maintain all of his state court claims, but the federal claim was recommended for dismissal.[1]

9.

Hebert therefore objects to the Court's Report and Recommendation.

10.

However, and more importantly, if the Court dismisses the Section 1983 action, Hebert reurges his motion to have this matter remanded as virtually all of his causes of action are in fact under state law. Since Hebert initially filed his claim in the Fifteenth Judicial District Court, it is respectfully submitted that the right to maintain that action in that venue should be granted, and this matter be remanded to state district court to adjudicate the issues applicable to the defendants in this matter.

[Doc. 28, pp. 2-3]

As plaintiff has in no way lodged a proper objection to the Magistrate Judge's R&R, this Court is unable to discern the basis of his objection. *See* FED. R. CIV. P. 72 (Within 14 days after being served with a copy of the recommended disposition, a party may serve and file **specific** written objections to the proposed findings and recommendations. ...) Accordingly, the Court finds plaintiff has failed to carry his burden of proof, and his objection is DENIED.

However, the parties have raised other issues which the Court must address. First, the Court notes the Board filed a reply to plaintiff's objection, arguing (in pertinent part) that plaintiff's alternative request for relief - that he be allowed to re-urge his motion to remand - should be denied, as there remain federal claims pending in this matter. Defendant is correct. While defendant Sy

---

[1] This is an incorrect statement of fact. The R&R specifically recommended a dismissal of **all** of plaintiff's state law claims (*i.e.* plaintiff's "state law claim for mandamus" and plaintiff's state law claim for "defamation"), with the exception of his state law claim for abuse of process. [Doc. 27, pp.1, 11, 12, 18]

2

Arceneaux did file a response to plaintiff's objection, wherein he adopted the response of the Board [Doc. 30], he has never filed a motion to dismiss in this matter. Accordingly, the following claims remain pending in this matter: (1) plaintiff's state law claim for abuse of discretion against the Board and Mr. Arceneaux; (2) plaintiff's state law claim against Mr. Arceneaux for defamation; (3) plaintiff's claim against Mr. Arceneaux pursuant to 42 U.S.C. § 1983.[2]

However, it appears to this Court, from what is currently before it, that plaintiff cannot maintain a claim against Mr. Arceneaux for defamation or for violation of his Constitutional rights pursuant to 42 U.S.C. § 1982. As to plaintiff's claim against Mr. Arceneaux for defamation, it appears the reasons provided by the Magistrate Judge in support of his recommendation of dismissal of that claim against the Board are equally applicable to Mr. Areceneaux - namely, plaintiff will be unable to prove the falsity of the alleged defamatory words.[3] As to plaintiff's claim against Mr. Arceneaux pursuant to § 1983, it appears, from what is currently before this Court, that Mr. Arceneaux was not acting "under color of state law," and thus § 1983 would provide no remedy to plaintiff.

---

[2]Plaintiff alleges "deprivation of his constitutional rights afforded in the First Amendment of the United States Constitution, [and] the Fourteenth Amendment of the United States Constitution...." [Doc. 1-2, ¶ 8; *see also id.* at ¶ 2 (asserting abuse of process pursuant to § 1983]

[3]The pertinent portion of the R&R states as follows:

> The Board argues that because its decision is now final, the truth of its findings is unassailable, and that, therefore, Hebert cannot state a claim for defamation. The undersigned agrees. The Board's finding that Hebert violated Cannon 4A.6 is, at this point, a final factual determination, and therefore, for purposes of this action, true. Accordingly, Hebert cannot state a legally cognizable claim for defamation because he cannot demonstrate the falsity of the alleged defamatory words. The same is true as to Hebert's allegations that the Board engaged in a conspiracy with Arceneaux to defame him. For these reasons, the Board's Motion to Dismiss Hebert's defamation claim should be granted.

[Doc. 27, p.12]

The United States Court of Appeal for the Fifth Circuit stated in <u>Earnest v. Lowentritt</u>, 690 F.2d 1198, 1200 -1201 (5th Cir. 1982):

> Section 1983 does not reach all constitutional injuries, but only those caused by persons acting "under color of state law." 42 U.S.C. s 1983; <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). To act under color of state law for § 1983 purposes does not require, however, that the defendant be an officer of the state. Private acts or conduct may incur liability under § 1983 if the individual is a "willful participant in joint action with the State or its agents." <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970), quoting <u>United States v. Price</u>, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966). Of course, the requisite "joint participation" envisioned in <u>Adickes</u> goes beyond the mere use of the state court system by private litigants in the course of an ordinary lawsuit. As stated by this Court in <u>Hollis v. Itawamba County Loans</u>, 657 F.2d 746 (5th Cir. 1981), "no state action is involved when the state merely opens its tribunals to private litigants." <u>Id.</u> at 749. Within the context of individual dispute resolution, a private party acts under color of state law only when there is corruption of judicial power by the private litigant. In <u>Dennis v. Sparks</u>, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), for example, the state court litigants bribed the judge and obtained an injunction which deprived their adversary of property. The private individuals were considered to have acted under color of state law for § 1983 purposes, regardless of the judge's immunity or liability.
>
> In their initial pleadings, the Earnests alleged only that they were denied equal protection by the Lowentritts "when they instituted the executory proceedings ... against Jesse Earnest." There is no mention that the Lowentritts acted in concert with any state officials, merely that they "acted under color of state law in litigating such proceedings and acquiring the 850 acres by sheriff's sale." On appeal, the Earnests ask that these pleadings be construed as having alleged a conspiracy between the Lowentritts and the state judge who issued the execution order. This construction will aid them little. ... Even if this Court did read the complaint as alleging illegal joint action between the judge and the defendants, the record is totally devoid of any facts at all to support a finding that the state judge was improperly or maliciously involved in the foreclosure. Any assertion of illegal motive on the part of the judge is purely conclusory, unsupported by any pleaded facts.

In this matter, plaintiff does indeed allege Mr. Arceneaux acted under "color of state law." [Doc. 1-2, ¶¶ 2, 4] However, the petitions are absolutely silent as to how Mr. Arceneaux, a private citzen, acted under color of state law. Rather, the petitions merely state, in a completely conclusory

4

fashion, that Mr. Arceneaux "acted under color of state law."[4]

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ..., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level ... on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)....

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted).

Additionally, in this matter, plaintiff does indeed allege that Mr. Arceneaux acted "in concert with the state actor [*i.e.* the Board]." [Id. at 4; *see also* Doc. 1-1, ¶¶ 15, 18, and Doc. 1-2, ¶¶ 3, 5, 6, 8]. Yet, the petitions are absolutely silent as to how Mr. Arcenaux "acted in concert with" any state actor. As stated in Brinkmann v. Johnston, 793 F.2d 111, 112-13 (5th Cir. 1986):

> Although private acts may support an action for liability under 42 U.S.C. § 1983 if the individual is "a willing participant in a joint action with the state or its agents," Mr. Brinkmann's complaint in the present case does not state any factual basis to support his conspiracy charges. Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); Hale, 786 F.2d at 690 (citing Earnest v. Lowentritt, 690 F.2d 1198 (5th Cir.1982)).
>
> In § 1983 cases, our Court requires that the "claimant ... state specific facts, not merely conclusory allegations." Hale, 786 F.2d at 690 (citing Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir.1985)) (quoting Elliot v. Perez, 751 F.2d 1472, 1479 (5th Cir.1985)). In Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir.1982), we held that "mere conclusory allegations of conspiracy cannot, absent reference to material facts," state a substantial claim of federal conspiracy under 42 U.S.C. § 1983.

A review of the petitions filed in this matter reveals nothing more than the Board rendered a Ruling

---

[4]The allegations contained in the petitions alleging Mr. Arceneaux acted under color of state law state as follows: (1) "The actions complained of in the original petition including the abuse of process on the part of the defendants was all done under the color of state law, 42 U.S.C. Section 1983" [Doc. 1-2, ¶ 2]; and (2) "Furthermore, Sy Arceneaux's efforts in concert with the Louisiana Licensed Professional Vocational Rehabilitation Counselors were done under the color of state law in that he was taking this action in concert with the state actor, and employing out of malice the use of Section 1604, Canon 49(A)(7)." [Id. at 4]

5

against Mr. Hebert, for which he is displeased. Plaintiff does not make a single *factual* allegation which would even put defendants on notice as to the basis for his claim of conspiracy, joint action, or the like. Again, from this Court's review of the petitions, it appears Mr. Hebert has alleged nothing more than Mr. Arceneaux filed an "ethical complaint" with the Board, and Mr. Hebert was displeased with the outcome of that proceeding. Would Mr. Hebert have alleged he conspired with the Board had the outcome been in his favor?

Due to the foregoing, the Court intends, within ten days of issuance of this Ruling, to *sua sponte* dismiss plaintiff's state law claim against Mr. Arceneaux for defamation and plaintiff's claim against Mr. Arceneaux asserted pursuant to 42 U.S.C. § 1983. Should counsel find such a dismissal to be improper in this matter, they are to file a brief, with proper support of their argument, prior to the expiration of the ten day period. *See e.g.* Carroll v. Fort James Corp., 470 F.3d 1171 (5th Cir. 2006)(a district court may dismiss a complaint *sua sponte* if the court provides notice of its intention and an opportunity to respond).

## Conclusion

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, determining that the factual findings are correct under the applicable law, and considering plaintiff's objections to the Report and Recommendation, the Court adopts the Report and Recommendation;

IT IS ORDERED that the Board's Motions to Dismiss [Doc. 6] is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent it seeks dismissal with prejudice of plaintiff's § 1983 claim and plaintiff's state law claims for mandamus and defamation asserted against the Louisiana Licensed Professional Vocational Rehabilitation Counselors. The motion is

denied to the extent it seeks dismissal of plaintiff's state law claim for abuse of discretion against the Board.

IT IS FURTHER ORDERED that the parties be, and hereby are, placed ON NOTICE that the Court intends, within ten days of issuance of this Ruling, to *sua sponte* dismiss plaintiff's state law claim against Mr. Arceneaux for defamation and plaintiff's claim against Mr. Arceneaux asserted pursuant to 42 U.S.C. § 1983, unless a party persuades this Court that dismissal of those claims would be improper, by providing a brief prior to the expiration of the ten day period, setting for the party's arguments with citations to applicable law in support of its position.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _30_ day of March, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 3-30-10
BY: CL
TO: CA

7